NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1974
_____

UNITED STATES OF AMERICA

v.

JEFFREY GILLESPIE,
                              Appellant
_____

On Appeal from United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-12-cr-00356-001)
District Judge:  Petrese B. Tucker
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 7, 2014

Before:  FISHER, SCIRICA and COWEN, *Circuit Judges*.

(Filed:  April 14, 2014)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.


        Appellant Jeffrey Gillespie appeals from a judgment in the United States District

Court for the Eastern District of Pennsylvania on a charge of unlawful reentry after

having previously been deported, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). We will affirm.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.

Gillespie, a native and citizen of Jamaica, lawfully entered the United States on September 24, 1994, and obtained permanent resident status in 2006. Thereafter, on January 22, 2008, he pled guilty to charges of aggravated menacing, malicious interference with emergency communications, and possession of a deadly weapon by a prohibited person. Following this series of events, he was deported on June 30, 2011 pursuant to an order of removal. Without receiving permission from the United States Attorney General or the Secretary of the Department of Homeland Security to reenter the United States after deportation, as required by 6 U.S.C. §§ 202(3), (4) and 557, he reentered illegally and was arrested by law enforcement officers in Philadelphia, Pennsylvania on unrelated drug charges. Following his conviction on those charges, a federal grand jury returned an indictment charging Gillespie with a single count of unlawful reentry after having previously been deported, in violation of 8 U.S.C. §§ 1326(a) and (b)(2).

Gillespie pled guilty to the unlawful reentry charge on October 4, 2012, and a presentence investigation report ("PSR") was prepared. The PSR first calculated Gillespie's criminal history points, assigning him one point for his aggravated menacing

2

conviction and another point for the drug charge, which resulted in a criminal history category of II. The PSR then assigned Gillespie a base offense level of 8, pursuant to 8 U.S.S.G. § 2L1.2(a). Because he received a criminal history point for his aggravated menacing conviction, the PSR increased Gillespie's base offense level by 16 levels, for being previously deported, or unlawfully remaining in the United States, after a conviction for a felony that is a crime of violence. If he had been assigned no criminal history points, his offense level would have been increased by only 12 levels. *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii). Gillespie's offense level was then reduced by 3 levels for acceptance of responsibility, resulting in a total offense level of 21 and a Guidelines range of 41 to 51 months' imprisonment.

At his sentencing hearing, on February 11, 2013, neither the government nor the defendant presented any objections to the PSR. The District Court sentenced Gillespie to a term of 41 months' imprisonment.

This appeal followed.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Appellant concedes that he failed to preserve the only argument he presents on appeal. Therefore, we review for plain error only. Fed. R. Crim. P. 52(b); *Puckett v. United States*, 556 U.S. 129, 135 (2009). When reviewing for plain error, "[w]e follow the four-step inquiry set out in *United States v. Olano*, 507 U.S. 725, 732-36 (1993)." *United States v. Quinn*, 728 F.3d 243, 261 (3d Cir. 2013). There must be: (1) "an error or

3

defect"; (2) that is "clear or obvious"; (3) that has "affected the appellant's substantial rights", i.e., it "affected the outcome of the district court proceedings." *Id.* (quoting *Olano*, 507 U.S. at 732-36). When the first three conditions are met, we "exercise our discretion to correct the unpreserved error only if . . . a miscarriage of justice would otherwise result, that is, if the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *Id.* (citation and internal quotation marks omitted).

## III.

### A.

Gillespie's sole argument challenges the District Court's application of the 16-level enhancement to his base offense level. He claims that the plain language of U.S.S.G. § 2L1.2(b)(1)(A), which uses the plural form of the word "point," requires that prior convictions have scored more than one criminal history point to trigger the 16-level enhancement. Because he only received one criminal history *point* (rather than multiple *points*) for his aggravated menacing offense, he argues that the 12-level enhancement should have been applied. We disagree.

Section 2L1.2(b) provides, in pertinent part, that if a defendant has been previously deported, or unlawfully remains in the United States, "after a conviction for a felony that is . . . a crime of violence . . .," the district court should increase his offense level "by 16 levels if the conviction receives criminal history *points*" and "by 12 levels if the conviction does not receive criminal history *points*." U.S.S.G. § 2L1.2(b)(1)(A) (emphasis added).

Gillespie engages in an extensive analysis of § 2L1.2(b) that includes discussion of the text of the Guidelines, canons of construction, the rule of lenity, and amendments to the Guidelines in order to reach the interpretation he suggests. We find this discussion wholly unnecessary, as the plain language of the provision is perfectly clear: if an individual received criminal history points for a past offense, that is, *any* criminal history points, then a 16-level enhancement will apply. If the individual did not receive any points, then a 12-level enhancement will apply. The language merely distinguishes between *receiving* criminal history points and *not* receiving criminal history points. We find this interpretation to be in accord with its common usage. *See, e.g., United States v. Romo-Villalobos*, 674 F.3d 1246, 1248 (11th Cir. 2012) (stating that "a defendant receives a 16-level enhancement if his conviction has *any* criminal history points . . . ." (emphasis added)). Had the Sentencing Commission intended the 16-level enhancement to apply to defendants with only "more than one" or "two or more" criminal history points, we believe that it would have stated so. We, therefore, reject Gillespie's argument.

Gillespie's interpretation of § 2L1.2(b) is creative at best. Unfortunately, creative arguments do not always have merit. Because Gillespie received criminal history points in connection with a crime of violence, the 16-level enhancement was properly applied to his base offense level. Accordingly, we conclude that the District Court did not commit error, plain or otherwise.

## IV.

For the reasons set forth above, we will affirm the District Court's judgment of conviction and sentence.